**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC. <br> 425 Third Street, SW, Suite 800 <br> Washington, DC 20024, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1400 Defense Pentagon <br> Washington, DC 20301, <br><br> U.S. DEPARTMENT OF <br> HOMELAND SECURITY <br> Office of the General Counsel <br> 245 Murray Lane SW, Mailstop 0485 <br> Washington, DC 20528, <br><br> U.S. DEPARTMENT OF STATE <br> The Executive Office <br> Office of the Legal Adviser, Suite 5.600 <br> 600 19th Street NW <br> Washington, DC 20522, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Defense, U.S. Department of Homeland Security, and U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Defense ("DoD") is an agency of the United States government. DoD has possession, custody, and control of records to which Plaintiff seeks access. DoD is headquartered at 1400 Defense Pentagon, Washington, DC 20301.

5. Defendant U.S. Department of Homeland Security ("DHS") is an agency of the United States government. DHS has possession, custody, and control of records to which Plaintiff seeks access. DHS is headquartered at 245 Murray Lane SW, Washington, DC 20528.

6. Defendant U.S. Department of State ("State") is an agency of the United States government. State has possession, custody, and control of records to which Plaintiff seeks access. State is headquartered at 2201 C Street NW, Washington, DC 20520.

## STATEMENT OF FACTS

7. On April 23, 2018, Plaintiff submitted nearly identical FOIA requests to DoD, DHS, and State seeking the following:

> All emails to or from current or former officials in the [DoD, DHS, or State] Office of the Secretary containing the phrase "boycott divestment and sanctions."

> All emails to or from current or former officials in the [DoD, DHS, or State] Office of the Secretary containing both the terms "BDS" and "Israel."

The time frame for these requests was January 1, 2015 through December 31, 2015.

8. By letter dated May 1, 2018, DoD confirmed in writing that Plaintiff's request had been received and designated with FOIA control number 18-F-0864.

9. By letter dated May 15, 2018, DoD made a final response to Plaintiff's request stating that DoD conducted a search but located no responsive records.

10. By letter dated May 23, 2018, Plaintiff filed a timely administrative appeal of DoD's determination of no responsive records.

11. As of the filing of this Complaint, DoD has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records DoD intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff of any determination concerning Plaintiff's administrative appeal.

12. By letter dated April 26, 2018, DHS confirmed in writing that Plaintiff's request had been received and designated with FOIA control number 2018-HQFO-00900.

13. As of the filing of this Complaint, DHS has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records DHS intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

14. On April 23, 2018, State confirmed via email that Plaintiff's request had been received, later assigning the request Control No. F-2018-03106.

15.     As of the filing of this Complaint, State has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records State intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

### Count 1 – Violation of FOIA, 5 U.S.C. § 552

16.     Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17.     Plaintiff is being irreparably harmed by reason of Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

18.     To trigger FOIA's administrative exhaustion requirement, Defendant DoD was required to determine whether to grant or deny Plaintiff's administrative appeal within twenty (20) business days of receipt, and Defendants DHS and State Defendant were required to determine whether to comply with Plaintiff's requests within thirty (30) business days of receipt. Accordingly, all of Defendants determination was due in June of 2018 at the latest.  At a minimum, Defendants were required to: (i) inform Plaintiff whether the appeal was granted or denied; or (ii) gather and review the requested documents; (iii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination; and (v) make the records available promptly thereafter. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

19.     Because Defendant DoD failed to grant or deny Plaintiff's timely filed administrative appeal of DoD's determination of no responsive records, Plaintiff is deemed to have exhausted its administrative remedies with respect to DoD.  5 U.S.C. § 552(a)(6)(A)(ii).

20.     Because Defendants DHS and State failed to make a substantive, appealable determination of whether to comply with Plaintiff's request within the time required by FOIA for all components, Plaintiff is deemed to have exhausted its administrative remedies with respect to DHS and State.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 24, 2018                                               Respectfully submitted,

 *s/ Chris Fedeli*
Chris Fedeli
DC Bar No. 472919
**JUDICIAL WATCH, INC.**
425 Third Street SW, Suite 800
Washington, DC 20024
cfedeli@judicialwatch.org
(202) 646-5172

*Counsel for Plaintiff*